IN RE:                                              :
ARESENIO L HALL AND,                                :
HEATHER N HALL,                                     :        CHAPTER 13
    Debtor                       :
                                                    :
    JACK N. ZAHAROPOULOS          :
    STANDING CHAPTER 13 TRUSTEE   :        CASE NO.  1-25-BK-02225-HWV
    Movant                       :
                                                    :
ARESENIO L HALL AND,                                :
HEATHER N HALL,                                     :
    Respondent                   :


<u>TRUSTEE'S OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN</u>

AND NOW, this 9th day of March 2026, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1.    Debtor(s)' Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor(s) has not submitted all or such portion of the disposable income to Trustee as required. More specifically,


Trustee alleges, and therefore avers, that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

    a.  Verify $500.00/month life insurance expense and excessive, even if verified.
    b.  Verify $600.00/month childcare expense.

2.    Debtor(s)' Plan violates 11 U.S.C. § 1322(a)(2) in that Debtor(s) has not provided for full payment, in deferred cash payments, of all claims entitled to priority under 11 U.S.C. § 507.

3.    Debtor(s) have failed to file a Chapter 13 Means Test (Form 122C) as required.

4.    Debtor has not demonstrated that all tax returns have been filed as required by § 1325(a)(9). 2021 & 2023 Federal Income taxes and 2021 Federal withholding taxes.

5.    Trustee avers that Debtor(s)' Plan cannot be administered due to the lack of the following:

a. Debtor(s) has not provided to Trustee copies of the 2024 federal income tax returns as required by § 521(e)(2)(A).
b. Debtor(s) has not provided to Trustee a copy of the 2024 federal corporate return for all corporations in which Debtor(s) is a principal shareholder.
c. Debtor(s) has not provided to Trustee a 6-month Profit and Loss Statement for Business.
d. 12 months of bank statements for Black Bird Construction.

WHEREFORE, Trustee alleges and avers that Debtor(s)' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

a. Deny confirmation of Debtor(s)' Plan.
b. Dismiss or convert Debtor(s)' case.
c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R Roeder
Attorney for Trustee

2

<u>CERTIFICATE OF SERVICE</u>

AND NOW, this 9th day of March 2026, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:


JOHN M HYAMS ESQUIRE
1007 NORTH FRONT STREET, SUITE 3
HARRISBURG, PA 17102-


/s/Ashley Schott
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee