IN RE:                                            :
                                                  :
ARESENIO L HALL and                               :    CHAPTER 13
HEATHER N HALL,                                   :
    Debtors                    :
                                                  :
  JACK N. ZAHAROPOULOS                   :    CASE NO.  1-25-bk-02225-HWV
  STANDING CHAPTER 13 TRUSTEE            :
    Movant                     :
                                                  :
ARESENIO L HALL and                               :
HEATHER N HALL,                                   :
    Respondents                :


### TRUSTEE'S OBJECTION TO FOURTH AMENDED CHAPTER 13 PLAN

AND NOW, this 22nd day of July 2026, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtors' Plan for the following reasons:

1.    Debtors' Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor(s) has not submitted all or such portion of the disposable income to Trustee as required. More specifically:

    a.    Trustee alleges, and therefore avers, that Debtors' disposable income is greater than that of which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following:

        i.  Trustee requests verification of $500.00 per month life insurance expense, and avers the same excessive, even if verified.
        ii.  Trustee requests verification of $600.00 per month childcare expense.

2.    Debtors' Plan violates 11 U.S.C. § 1322(a)(2) in that Debtors have not provided for full payment, in deferred cash payments, of all claims entitled to priority under 11 U.S.C. § 507.

3.    Debtors have not demonstrated that all tax returns have been filed as required by § 1325(a)(9) as to 2021 & 2023 Federal Income taxes, and 2021 Federal withholding taxes.

4. Trustee avers that Debtors' Plan cannot be administered due to the lack of the following:

    a. Debtors have not provided to Trustee a copy of the 2025 federal corporate return for all corporations in which Debtor(s) is a principal shareholder.

    b. Debtors have not provided to Trustee a 6-month Profit and Loss Statement for Business.

    c. Debtors have not provided to Trustee 12 months of bank statements for Black Bird Construction.

WHEREFORE, Trustee alleges and avers that Debtors' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

    a. Deny confirmation of Debtors' Plan;

    b. Dismiss or convert Debtors' case; and

    c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R Roeder
Attorney for Trustee

2

<u>CERTIFICATE OF SERVICE</u>

AND NOW, this 22nd day of July 2026, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:


JOHN M HYAMS ESQUIRE
1007 NORTH FRONT STREET, SUITE 3
HARRISBURG, PA 17102-


/s/Ashley Schott
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee

3